515 P.2d 616

**PROGRESSIVE MUSIC SUPPLY INC., a corporation, et al., Plaintiffs and Appellants,**

v.

**J. Jerrold McKEAN, Defendant and Respondent.**

**No. 13314.**

Supreme Court of Utah.

Nov. 1, 1973.

William J. Cayias, Salt Lake City, for plaintiffs and appellants.

George B. Handy, Ogden, for defendant and respondent.

TUCKETT, Justice:

The plaintiffs filed these proceedings in the district court seeking an accounting in a joint business venture; to have the court declare that they were entitled to an interest in certain real property in Ogden City; and for damages for loss of business. Complaint was dismissed as to the plaintiffs Don Penman and Ben Cuatto, and they do not appeal. The defendant denied that the plaintiff was entitled to any relief and counterclaimed claiming he was entitled to past due rent and for commissions for the sale of musical instruments.

In the year 1952 the defendant and the individual plaintiffs above named entered into a business arrangement whereby the defendant was to give music lessons and to sell musical instruments for the plaintiffs. In order to facilitate the defendant's teaching accordion students and to facilitate the sale of musical instruments it was decided to acquire a facility in which to conduct the business. A fourplex was acquired in Ogden and the title taken in the name of the defendant, J. Jerrold McKean, and his wife as joint tenants. The plaintiffs made a loan of $5,000 to the defendant to purchase the property, which loan was later repaid. In 1967 the plaintiffs and the defendant decided to remodel the building by adding a display room and stores to the front. Total cost of the remodeling was $12,937.47 of which the defendant paid the sum of $3,000. Part of the new facility

was rented to other persons. The rent was deposited in a special account and the net income was divided 76.8 per cent to the plaintiffs and 23.2 per cent to the defendant.

In 1952 the defendant entered into an employment contract with Don Penman and Ben Cuatto which dealt with ·the ·type of services the defendant was to perform and his compensation therefor. Other dealings between the parties since 1952 have been mostly informal and in the nature of verbal understandings and agreements. No written understandings or agreements were entered into in respect to the purchase of the real property in Ogden or its improvement.

▮ It was the plaintiffs' contention in the court below as well as on appeal that at the time the building was remodeled and improved there was a verbal agreement entered into by the parties wherein the plaintiffs were to have an interest in the real estate. The exact nature of the interest claimed is not specified. Plaintiffs do claim that their interest rests upon a verbal contract and part performance. The trial court found that no such contract had been entered into which would entitle the plaintiffs to an interest in the property in question. Evidence supports that finding by the court. In this connection it should be remembered that the burden was on the plaintiffs to prove a verbal contract and its terms and conditions. The court did find that the money advanced by the plaintiffs to remodel and to improve the property was a loan. The court also found that the defendant had earned commissions on the sales of musical instruments which had not been paid by the plaintiffs and awarded judgment therefor. There was substantial evidence to support that finding. The court also found that the defendant was entitled to rent on certain portions of the building which were used and occupied by the plaintiffs. This finding is also based upon substantial evidence. It is not the practice of this court to reverse when the findings of the trial court are based upon substantial evidence.

▮ The court having found that the money advanced by the plaintiffs to remodel and improve the property of the defendant was in the nature of a loan, we are of the opinion that the plaintiffs are entitled to interest at the lawful rate on that loan. The decision of the court below is affirmed, except the matter is remanded for the purpose of determining the amount of interest due on the loan and to adjust the judgment of the court in respect thereto.

Parties to bear their own costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.